## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

ALLEN DEAN WASHBURN,

                        **Plaintiff,**

        **v.**                              **CASE NO. 17-3107-SAC**

SALINE COUNTY JAIL, et al.,

                        **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff commenced this action while incarcerated. He proceeds pro se and in forma pauperis.

### Background

Because plaintiff alleged he could not identify individual defendants and that the Saline County Jail ("SCJ") would not return his personal property, through which the prospective defendants could be identified, the Court directed the preparation of a *Martinez* report.[1]

Following the filing of that report, the Court has conducted an initial screening of the complaint and enters the following order.

### Statutory Screening Standards

The Court is required to screen complaints brought by a prisoner seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or any portion of it, if the plaintiff's claims are

---

[1] A *Martinez* report ensures that a factually sufficient record is developed in cases involving pro se prisoners. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978). The report "is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court must liberally construe a pro se party's pleadings and will apply "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, a court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). However, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se party's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state

a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)(citations omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts now must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under the new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but instead refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 570).

### Discussion

Plaintiff's complaint alleges that he was arrested four days after leg surgery and booked into the SCJ. He claims that while he

was incarcerated there, his bandages, brace, and medications were taken away, that he was placed in an unsanitary cell, and that he was not allowed to see a physician. He later tested positive for MRSA and underwent antibiotic treatment and another surgical procedure. He seeks monetary damages (Doc. #6).

Plaintiff's claims primarily allege inadequate medical care during his incarceration at the SCJ. Because he was a pretrial detainee during the relevant time, his right to adequate medical care was guaranteed by the Due Process Clause of the Fourteenth Amendment. *Oxendine v. Kaplan*, 241 F.3d 127, 1275 n. 6 (10th Cir. 2001).

Under the Due Process Clause, "pretrial detainees are … entitled to the degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment. *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985).

Under the Eighth Amendment, prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). This standard has both objective and subjective components. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(citing *Estelle*, *id*.).

Under the objective portion of the analysis, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation marks and citations omitted).

Under the subjective portion of the analysis, the defendant prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Within this framework, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's constitutional rights. *See Estelle*, 429 U.S. at 105-06 ("A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Likewise, a difference in opinion between a prisoner and medical personnel is insufficient to state a claim for relief. *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). Finally, a delay in providing medical care violates the Constitution only where that delay resulted in substantial harm. *Oxendine*, 241 F.3d at 1276 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)).

Here, the *Martinez* report reflects that plaintiff was held in the SCJ from the evening of May 24, 2016, until the afternoon of May 26, 2016. (Doc. #17, Ex. A., pp. 1 and 50). Upon admission to the SCJ, plaintiff advised staff of his recent surgery; intake records noted that his leg was bandaged and that he used crutches (*id*., p. 12). On the night of May 24, 2016, plaintiff reported to staff that he needed to see a nurse and stated he was concerned about a possible infection (*id*., p. 14).

During his stay, jail nursing staff gave plaintiff antibiotic

ointment for his surgical incision, an ice pack, pain medication, and an extra mattress to roll up and use to elevate his leg. He was also moved to a cell with better lighting (*id.*). Jail records state that plaintiff removed his bandages (*id.*).

Jail staff conducted frequent medical checks and noted that plaintiff sometimes was noncompliant with the direction to elevate his leg (*id.*, pp. 24-33). It also appears that plaintiff's prescription medications were held in the jail clinic cabinet, and notes show that he was noncompliant with prescription directives, having consumed 53 tablets in less than 48 hours (*id.*, p. 53).

Jail staff also sought copies of plaintiff's recent medical records, but he was transferred from the facility before the records were available (Ex. B., affidavit of Charlene Garman).

The records from the SCJ show that plaintiff was provided with ongoing medical care during his brief incarceration there that included antibiotic ointment, pain medication, and an additional mattress. While plaintiff may have desired additional care, or different care, the information on this record does not suggest the type of deliberate indifference necessary to support a claim for relief under § 1983. Jail staff, including nursing staff, evaluated and addressed plaintiff's physical condition and monitored him frequently.

Plaintiff's allegation of an infection arising from the care he received at the SCJ is undermined by the timetable shown here, namely, that he alleged an infection at the time of his admission. Finally, plaintiff's bare claim that his cell was unsanitary is a conclusory claim that does not state a claim for relief.

Having considered this material, the Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's response may not rest on generalizations; rather, he must provide specific factual allegations.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including March 6, 2018, to show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this action without additional prior notice to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 6th day of February, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge